UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**QUINTON SHONDREY WHITE**        **CASE NO. 6:23-CV-00731**

**VERSUS**        **JUDGE ROBERT R. SUMMERHAYS**

**LAKEVIEW LOAN SERVICING LLC ET AL**        **MAGISTRATE JUDGE CAROL B. WHITEHURST**

## REPORT AND RECOMMENDATION

Before the Court is Defendants' Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) and/or Motion for More Definite Statement pursuant to Fed.R.Civ.P. 12(e). (Rec. Doc. 3). Plaintiff, proceeding *pro se*, filed an *Answer to Defendant* [*sic*] *Motion to Dismiss* (Rec. Doc. 12) and Defendants replied (Rec. Doc. 15). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is RECOMMENDED that the Motion to Dismiss be GRANTED.

### Facts and Procedural History

*Pro se* Plaintiff filed the present action against Lakeview Loan Servicing and M&T Bank Corporation seeking declaratory and injunctive relief from a final Order of Executory Process, a Writ of Seizure and Sale, and foreclosure issued by the 15th

District Court, Parish of Lafayette, Louisiana. (Rec. Doc. 1). Specifically, Plaintiff requests, in pertinent part, the Court to declare the negotiable instrument in the amount of $220,647.00 sufficient payment thereby precluding Defendants from enforcing the lien asserted on Plaintiff's real property; remove the mortgage lien on the real property; provide injunctive relief from the ongoing foreclosure action; and award Plaintiff all reasonable fees and expenses. (*Id.*, pp. 4-5). Defendants seek to dismiss for lack of jurisdiction and/or for failure to state a claim. (Rec. Doc. 3).

Plaintiff executed a mortgage on his property in favor of Sun West Mortgage Company, Inc. to secure a loan for $220,647.00. (Rec. Doc. 3-2, p. 1[1]). Lakeview acquired the note and mortgage and, when Plaintiff failed to comply with payment obligations, initiated executory proceedings in state court to foreclose on the property. (*Id.* at pp. 1-4). The state court executed an Order of Executory Process, and, on December 14, 2021, a Writ of Seizure and Sale was issued commanding the Lafayette Parish Sheriff to seize and sell the property. (*Id.* at p. 5). On June 1, 2023, Plaintiff filed the instant suit. (Rec. Doc. 1). To support his requests for relief, Plaintiff alleges, in part, that he satisfied his debt in full because on or about May 4, 2022, he sent a "negotiable instrument in the amount of "220,647.00…as settlement

---

[1] The Court hereby takes judicial notice of and considers the pleadings filed in the state court action (*Lakeview Loan Servicing LLC vs. Quinton Shondrey White*, Case No. C-20216199, 15th Judicial District Court, Parish of Lafayette, Louisiana) and attached to Defendant's Motion to Dismiss as "Exhibit A." *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

proceeds to…Defendant(s) through Notary Presentment." (*Id*. at ¶¶ 22-23). The sale of Plaintiff's property was scheduled for June 13, 2023; however, the sale was stayed when the instant suit was filed. (Rec. Doc. 3-1).

## **Law and Analysis**

### I. **Whether the Court has subject matter jurisdiction under the *Rooker-Feldman* doctrine.**

Fed.R.Civ.P. 12(b)(1) requires dismissal of an action if the court lacks jurisdiction over the subject matter of the plaintiff's claim. Motions submitted under this rule allow a party to challenge the court's subject-matter jurisdiction based upon the allegations on the face of the complaint. *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir.1996). Defendants contend the facts of this case invoke the *Rooker-Feldmen* doctrine, which generally precludes federal courts from modifying or reversing state court judgments.

Pursuant to the *Rooker-Feldman* doctrine, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). This doctrine is limited to federal cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005).

The *Rooker-Feldman* doctrine does not, however, "prohibit a plaintiff from presenting some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party." *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013)(citing *Exxon Mobil Corp.* at 284). In a decision that the *Exxon Mobil* Court cited with approval, the Ninth Circuit explained that:

> If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction.

*Truong* at 382–83 (citing *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir.2003)).

Here, Plaintiff does not raise any new, independent claims. Rather, Plaintiff requests that the Court essentially review and reverse the state court's Order of Executory Process and enjoin the seizure and sale of his property. (Rec. Doc. 1). Similar to the plaintiff in *Morris*, the Court finds that Plaintiff's claims are "…barred by *Rooker–Feldman* because, crucially, the only relief…sought [is] the setting aside of the state foreclosure judgment and staying of the execution of the writ of possession. This demonstrates that his injuries [arise] from the state court judgments." *Morris v. Am. Home Mortg. Servicing, Inc.*, 443 F. App'x 22, 24 (5th Cir. 2011).

4

Importantly, Louisiana civil procedure explicitly permits a defendant in foreclosure (executory) proceedings to file a separate suit in the same court to enjoin the seizure and sale of his property. La. Code Civ. Proc. art. 2751 and 2752. *See also* discussion in *Berry v. Wells Fargo Bank, N.A.,* No. CV 22-889-JWD-RLB, 2023 WL 5230826, at *7 (M.D. La. July 26, 2023), *report and recommendation adopted,* No. CV 22-889-JWD-RLB, 2023 WL 5228922 (M.D. La. Aug. 14, 2023). Plaintiff did not file a petition for injunction or a suspensive appeal in state court to enjoin the seizure and sale of his property; rather, Plaintiff filed this federal suit and asks the Court to intervene in the state judgment and halt the sale of his property. (Rec. Doc. 1).

The Court agrees with Defendants and finds that the *Rooker-Feldman* doctrine applies and prevents the Court from exercising subject-matter jurisdiction. However, even if *Rooker-Feldman* does not apply, as discussed below, the Court finds that abstention is nonetheless appropriate.

## II. <u>Abstention</u>

The Court is concerned about federal and state comity issues if the case is allowed to proceed in federal court. The Court may raise the issue of abstention *sua sponte*. *See Lawrence v. McCarthy*, 344 F.3d 467, 470, fn. 8 (5th Cir. 2003). Even if this Court has jurisdiction to adjudicate all or some of Plaintiff's claims, this does not mean it should. The Anti-Injunction Act abstention doctrines bears analysis.

5

## A. <u>The Anti-Injunction Act</u>

The Anti-Injunction Act states that "[a] court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C.A. § 2283. "The Act is designed to prevent conflict between federal and state courts." *United States v. Billingsley*, 615 F.3d 404, 409 (5th Cir. 2010) (quotations and citation omitted). "The Act does not prohibit only injunctions directed at state courts themselves, but also injunctions directed at private parties when the injunction would prohibit using the results of a state court proceeding." *Id*. The Act "has been interpreted consistently as an absolute bar to any federal court action that has the effect of staying a pending state court proceeding unless that action falls within one of the Act's three specifically designated exceptions." *Phillips v. Charles Schreiner Bank*, 894 F.2d 127, 131–32 (5th Cir. 1990) (citations omitted). "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed ... the fundamental principle of a dual system of courts leads inevitably to that conclusion." *Atl. Coast Line R.R. v. Bhd. of Locomotive Eng'rs,* 398 U.S. 281, 297 (1970); *see also Sw. Airlines Co. v. Texas Int'l Airlines, Inc.,* 546 F.2d 84, 91 (5th Cir. 1977).

Here, Plaintiff's suit seeks to enjoin the state court foreclosure proceedings. (Rec. Doc. 1, pp. 4-5). Indeed, the state proceedings have been stayed as a result of this federal action. (Rec. Doc. 3-1). Even if *Rooker-Feldman* permitted exercise of jurisdiction, Plaintiff's request for injunction falls comfortably within the Anti-Injunction Act and should not be adjudicated by this Court.

## Conclusion

For the reasons discussed herein, it is recommended that Defendants' Motion to Dismiss (Rec. Doc. 3) be GRANTED for lack of jurisdiction and in the interests of judicial efficiency and comity.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds

of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 8th day of November, 2023.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE